# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES C. DYER, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 14-CV-0198-CVE-TLW |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
|         **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 20) of Magistrate Judge T. Lane Wilson (the magistrate judge) recommending that the Court affirm in part and reverse and remand in part the Commissioner's decision to deny plaintiff's claim for disability benefits. The magistrate judge concluded that the administrative law judge (ALJ) failed to evaluate the opinion of an agency psychiatrist according to Tenth Circuit precedent, requiring reversal. Dkt. # 20, at 18-21. The magistrate judge affirmed the ALJ's decision as to remainder of plaintiff's arguments, including: the ALJ's evaluation of plaintiff's non-severe impairments, GAF scores, and medical records; the ALJ's credibility analysis; and the ALJ's consideration of plaintiff's obesity. Id. at 12-18, 21-26. Plaintiff objects, contending that the ALJ's decision should be reversed as to each of his arguments, not merely the single basis for reversal identified by the magistrate judge. Dkt. # 21, at 2. Defendant responds that plaintiff's objection is irrelevant in the event the Court accepts the magistrate judge's recommendation and orders reversal. Dkt. # 22, at 4. In its response, defendant includes an objection to the report and recommendation, arguing that the ALJ adequately explained her reasoning for disregarding the agency psychiatrist's opinion. Dkt. # 22, at 2.

Plaintiff was 32 years old when he applied for benefits on March 15, 2011. Dkt. # 13-5, at 2. He alleged anxiety, depression, and incapacity of his right arm and right eye as the basis for his application. Dkt. # 13-6, at 15. Plaintiff's claim was denied initially and upon reconsideration, Dkt. # 13-4, at 2, 11, after which plaintiff sought a hearing before an ALJ. Id. at 12. Following the hearing, the ALJ issued a decision denying plaintiff's claim for benefits. Dkt. # 13-2, at 10. Plaintiff requested a review of the ALJ's decision by the Appeals Council, but the Appeals Council denied plaintiff's request. Id. at 2. Plaintiff sought judicial review, Dkt. # 2, and the matter was referred to the magistrate judge for a report and recommendation. On July 21, 2015, the magistrate judge recommended that this Court affirm in part and reverse and remand in part the ALJ's decision. Dkt. # 20. On August 3, 2015, plaintiff filed an objection to those portions of the report and recommendation recommending that the ALJ's decision be affirmed. Dkt. # 21, at 1. On August 6, 2015, defendant filed a response to plaintiff's objection, and in that response defendant included an objection to the portion of the report and recommendation in which the magistrate judge recommends the ALJ's decision be reversed and remanded. Dkt. # 22.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b). However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1) (requiring the Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). The Court

may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b)(3).

In its response, defendant objects to that portion of the report and recommendation recommending that the Court reverse and remand the ALJ's decision for failing to analyze an agency psychiatrist's opinion according to Tenth Circuit precedent. Dkt. # 22, at 1. However, the objection contained in defendant's response is not timely. See FED. R. CIV. P. 72(b)(3). Rule 72 requires an objection to be made within fourteen days of service. FED. R. CIV. P. 72(b)(2). Under the Tenth Circuit's firm waiver rule, "the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." United States v. 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996) (citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). The magistrate judge entered his report and recommendation on July 21, 2015. Dkt. # 20. Thus, according to Rule 72, the parties had until August 4, 2015 to file an objection. See Rule 72(b)(2). Plaintiff's objection, filed August 3, 2015, is timely. Dkt. # 21. However, defendant filed its response containing an objection to the report and recommendation on August 6, 2015. Dkt. # 22. Defendant's objection is untimely and, therefore, waived under the Tenth Circuit's firm waiver rule.

As no party has made a timely objection to magistrate judge's recommendation that the decision of the ALJ be reversed and remanded to allow for a proper analysis of the agency psychiatrist's opinion, the Court need not review that issue de novo. See FED. R. CIV. P. 72(b)(3). The Court has independently reviewed the report and recommendation as to that issue and sees no reason to modify or reject it.

Plaintiff objects to the report and recommendation as to all other issues. Dkt. # 21, at 1. However, the Court finds that it is unnecessary to consider these objections. There is an error warranting remand for further administrative proceedings, and the ALJ will be required to make additional findings on remand that will undoubtedly affect her review of the administrative record and the arguments plaintiff has raised here. See Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996). As the Court has previously written, "[t]he Court declines to issue an advisory opinion on issues that should be considered by the ALJ in the first instance upon remand of the case." Mehlhoff v. Colvin, No. 14-CV-0267-CVE-TLW, 2015 WL 4666091, at *7 (N.D. Okla. Aug. 6, 2015) (citing Saterlee v. Astrue, 450 F. App'x 753, 755 (10th Cir. 2011)).

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 20) is **accepted in part and rejected in part**; the report and recommendation is accepted as to the magistrate judge's recommendation that the case be reversed and remanded for proper consideration of the agency psychiatrist's opinion, but the report and recommendation is rejected as to affirmance on any other issues. The Commissioner's decision to deny plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

**DATED** this 11th day of August, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE